Eric M. Kurtz, Esq. Legal Advisor, Town of Rochester
You have asked whether a town may establish a four-year term for the office of code enforcement officer.
Section 24 of the Town Law provides for the terms of office for various town offices. No specific term is set for code enforcement officers, who fall within that part of the section which provides that "[a]ll other appointed officers and employees shall hold their respective offices and positions at the pleasure of the town board, except as otherwise provided by law" (Town Law, § 24).
The question is whether the town may change the status of the enforcement officer from serving at the pleasure of the board to a four-year term of office. We believe that the reference in section 24 of the Town Law, "except as otherwise provided by law", authorizes the board to enact a local law establishing a definite term for appointive officers and employees, including the code enforcement officer. The town may establish the term utilizing its authority to enact local laws relating to the property, affairs or government of the town and in relation to the powers, duties, qualifications, number, mode of selection and removal, terms of office, compensation, hours of work, protection, welfare and safety of its officers and employees (Municipal Home Rule Law, § 10
[1] [i] and [ii] [a] [1]). In any event, the board may utilize these local law powers to amend or supersede provisions of the Town Law (id.,
§ 10 [1] [ii] [d] [3]).
The question remains whether the local law establishing the four-year term is subject to mandatory referendum. The Municipal Home Rule Law provides that any local law which "[a]bolishes, transfers or curtails any power of an elective officer" is subject to mandatory referendum (Municipal Home Rule Law, § 23 [2] [f]). We note that under the facts presented in your letter, at one time the code enforcement officer served at the pleasure of the town board: they had the authority to dismiss him at will, without cause. You have informed us that following the creation of the four-year term, however, he no longer serves at the will of the board, and can be removed only for cause.
In Matter of Fogarty v Warden (191 Misc. 916 [Sup Ct, Orange Co], affd273 App. Div. 910 [2d Dept], affd 297 N.Y. 963 [1948]) a similar issue, involving the powers of the city council of the City of Newburgh, was in litigation. Prior to 1941, the Newburgh City Charter provided for the appointment by the city council of a city manager to hold office "during the pleasure of the council". In 1941 a local law amended the charter to require a public hearing before the manager could be dismissed (Fogarty,supra, at 918-919). At the time the local law was enacted, the City Home Rule Law required, as does the current Municipal Home Rule Law, that local laws which curtail "any power of an elective city officer" be subject to mandatory referendum (City Home Rule Law, § 15 [old]; seeFogarty, supra, at 919).
The court concluded that the change in the nature of the city manager's office sought to curtail the mayor's and council's power to remove the city manager (id., 919-920). As such, it was subject to referendum under the City Home Rule Law, and because none was held, the law was found invalid (ibid.).
As in Fogarty, the immediate case involves a change in the tenure of an appointive office from service at the pleasure of the appointing body to a term with removal for cause. Such a change constitutes a curtailment of the board's powers, specifically, the power to dismiss the appointee at will. Accordingly, the local law implementing such a change is subject to mandatory referendum under section 23 (2) (f) of the Municipal Home Rule Law. Failure to conduct such a referendum renders the law invalid.
We conclude that a local law which eliminates a town board's authority to dismiss an appointed official at will is subject to mandatory referendum.